UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-21827-CIV-GAYLES/TURNOFF

ST. LOUIS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,
v.

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Complaint [ECF 10]. The Court has considered the parties' written submissions and applicable law.

## BACKGROUND

On October 25, 2006, Franco and Lourdes Escudero (the "Escuderos") executed a note ("Note") and mortgage ("Mortgage") on a property in Miami-Dade County, Florida.[1] The Note and Mortgage contain an express maturity date of November 1, 2036. In 2007, the Escuderos defaulted, prompting Defendant's predecessor in interest, U.S. Bank National Association on April 15, 2008, to exercise its right to accelerate all payments due under the Note and Mortgage and to file a foreclosure action in the Eleventh Judicial Circuit in and for Miami-Dade County (the "State Court"). During the pendency of the foreclosure action, Plaintiff purchased the property. The State Court subsequently dismissed the foreclosure action without prejudice.

---

[1] "Although analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enter. of Atlanta, Inc. v Coweta County, Ga.,* 708 F.3d 1243, 1252, n. 13 (11th Cir. 2013); Fed. R. Civ. P. 10(c).

On April 15, 2014, Plaintiff filed an action against Defendant in the State Court, asking the court to void the Note and Mortgage on statute of limitations grounds and to bar Defendant from commencing any later foreclosure actions.  Plaintiff contends that the Note and Mortgage are no longer enforceable due to the expiration of the statute of limitations after the initial default and acceleration.

Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b).  On June 5, 2014, Defendant moved to dismiss for failure to state a claim.

## DISCUSSION

### Standard on Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added)(citing *Twombly*, 550 U.S. at 556).  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable

to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

### A.     Statute of Limitations versus Statute of Repose

Plaintiff claims that the expiration of the statute of limitations bars Defendant from enforcing the Note and Mortgage. The Court finds Plaintiff's application of the statute of limitations contrary to well-established Florida law.

Florida Statute § 95.11(2)(b-c) creates a five-year statute of limitations for mortgage foreclosure actions. *See* Fla.Stat. § 95.11(2)(b-c). The limitations period begins to run either when the last payment of the mortgage is due or, as in this case, when the mortgagee exercises a right to accelerate the total debt because of a default. *See Greene v. Bursey*, 733 So. 2d 1111, 1114-5 (Fla. 4th DCA 1999). Section 95.11(2)(c) does not change the life of the lien or cancel the debt. Rather, it "merely precludes an action to collect on the debt after five years." *See Espinoza v. Countrywide Home Loans Servicing, L.P.*, Case No. 14-20756-CIV-Altonaga, 2014 WL 3845795, at *3 (S.D. Fla. Aug. 5, 2014) (quoting *Houck Corp. v. New River, Ltd.,* 900 So.2d 601, 603 (Fla. 2d DCA 2005). Indeed, Florida Statute § 95.281(1), a statute of repose, governs the duration of a mortgage lien and provides that the lien terminates five years after the date of maturity of the obligation secured by the mortgage. *See* Fla. Stat. §95.291(1). "A 'statute of limitations' is a procedural statute that prevents the enforcement of a cause of action that has accrued . . . Conversely, a 'statute of repose' – like that of §95.291(1) – establishes an ultimate date when the lien or mortgage terminates and is no longer enforceable whether a claim has accrued by that date or not." *Matos v. Bank of New York, et al.,* Case No. 14-21943-CIV-Moreno, 2014 WL 3734578 at *3 (S.D. Fla. July 28, 2014) (noting that a 'statute of limitations' is a shield that may be used as an affirmative defense; a 'statute of repose' is a sword that may terminate a lien); *see also Espinoza*, 2014 WL 3845795 at *3 (holding that the

3

duration of a lien is governed by a statute of repose).  The express maturity date of the Note and Mortgage is November 1, 2036.  *See* Compl. at Ex. B.  Accordingly, the Mortgage lien will not terminate until 2041 and Plaintiff's quiet title action is without merit.

### B. Prior Acceleration and Foreclosure Action Does Not Automatically Preclude Subsequent Actions.

In addition to asking the Court to quiet title, Plaintiff asks the Court to declare that Defendant is barred from commencing any foreclosure action under their respective note and mortgage. Plaintiffs misapprehend the law.  When a "mortgagee initiates a foreclosure action and invokes its right of acceleration, if the mortgagee's foreclosure action is unsuccessful for whatever reason, the mortgagee still has the right to file later foreclosure actions – and to seek acceleration of the entire debt – so long as they are based on separate defaults." *Dorta v. Wilmington Trust National Assoc.*, 13-cv-185-Oc-10PRL, 2014 WL 1152917, at *2-4 (M.D. Fla. Mar. 24, 2014) (relying on *Singleton v. Greymar Assoc.*, 882 So.2d 1004 (Fla. 2004)(per curium)).  Contrary to Plaintiff's assertions, "an unsuccessful foreclosure action does not subsequently render a mortgage forever invalid and unenforceable." *Id.*  Rather,  the Note and Mortgage remain enforceable and Defendant still has the right to file foreclosure actions based on separate defaults.

Several decisions from this district address nearly identical class action quiet title complaints. The Court consistently holds that these claims are without merit.  *See Espinosa*, 2014 WL 3845795, at *7 (finding note and mortgage enforceable despite acceleration and later dismissed foreclosure complaint); *Matos,* 2014 WL 3734578 at *3 (finding that after plaintiff dismissed a foreclosure action, the parties returned to their original positions and the lien remained enforceable); *Romero v. SunTrust Mortg., Inc.*, Case No. 13-CIV-24491-UU, 2014 WL 1623703 (S.D. Fla. Apr. 22, 2014)(despite mortgagee's dismissal of  prior foreclosure action, the note and mortgage remained a valid and enforceable lien against the plaintiffs' property); *Kaan v. Wells Fargo Bank, N.A.*, 981

4

F.Supp.2d 1271, 1274 (S.D. Fla. 2013)(under Florida law, dismissal of mortagee's prior foreclosure action did not invalidate note and mortgage and did not prevent subsequent foreclosure actions for later defaults).

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that all Plaintiff's Complaint is **DISMISSED with prejudice**. It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of November, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record